# LORAIN COUNTY COURT OF COMMON PLEAS

LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO 44035

PHOENIX ADMINISTRATOR LLC
33479 LAKE RD
AVON LAKE, OH 44012

CASE NO. 22CV207613

VS.

TO: BRECKPOINT INC
CORP. SERVICES CO
112 N CURRY STREET
CARSON CITY, NV 89703

## SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

PHOENIX ADMINISTRATOR LLC
33479 LAKE RD
AVON LAKE, OH 44012

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

DAVID S NICHOL
RODERICK LINTON BELFANCE LLP
50 S MAIN ST 10TH FL
AKRON, OH 44308

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
*CLERK OF COURTS OF COMMON PLEAS*
*LORAIN COUNTY, OHIO*

12/7/2022

BY: _____
Deputy Clerk



FILED
LORAIN COUNTY

2022 DEC -2 P 2:52
COURT OF COMMON PLEAS
TOM ORLANDO

IN THE LORAIN COUNTY COMMON PLEAS COURT
LORAIN COUNTY, OHIO

| | |
|---|---|
| PHOENIX ADMINISTRATORS, LLC<br>33479 Lake Rd.<br>Avon Lake, OH 44012<br><br>               Plaintiff<br><br>vs.<br><br>BRECKPOINT, INC.<br>c/o Corporation Services Company<br>112 North Curry Street<br>Carson City, NV 89703<br><br>               Defendant | CASE NO: 22CV207613<br>JUDGE: RAYMOND J. EWERS<br><br>**COMPLAINT FOR:**<br><br>Declaratory Judgment;<br>Tortious Interference with Contracts<br>and Business Relationships; Deceptive;<br>Trade Practices (ORC 4165)<br>and Injunctive Relief<br><br>Demand for a Jury |

The Plaintiff, Phoenix Administrators, LLC, for its Complaint against Defendant, Breckpoint, Inc., hereby states as follows:

**PARTIES**

1. Plaintiff, Phoenix Administrators, LLC dba Performance Health, ("Phoenix") is an Ohio Limited Liability Company and has its principal place of operations in Avon Lake, Ohio.

2. Defendant, Breckpoint, Inc. ("Breckpoint") is a Nevada Corporation that operates throughout the Untied States, including Ohio. Breckpoint provides services and insurance benefits, including stop loss coverage for self-insured health plans.

3. In 2021, Breckpoint entered into several agreements to provide stop loss insurance coverage for self-insured health plans for which the Plaintiff acted as the Third-Party Claims Administrator ("TPA").

## JURISDICTION AND VENUE

4. Breckpoint conducts business in Ohio, including but not limited to the business transactions at issue in this case. The majority of communications, services and transactions that occurred that are at issue in this case took place in Lorain County, Ohio. The damages, audits, investigations and threats of litigation against the Plaintiff as a result of the actions taken by Defendant giving rise to Plaintiff's claims have occurred and will continue to occur in Lorain County, Ohio.

5. All medical provider claims that are processed for the members of the employer health plans at issue are sent to the Plaintiff in Lorain County and are processed in Lorain County.

6. This court has general jurisdiction over the Defendant as Defendant routinely conducts business in Ohio. In addition, this Court has specific jurisdiction with respect to the claims at issue as the majority of the actions at issue and all of the damages have occurred in Ohio and specifically Lorain County.

## FACTS

7. Both prior and subsequent to the time Defendant executed the stop loss contracts at issue, Defendant made representations to the Plaintiff regarding the scope and rate at which claims would be re-imbursed after being paid by the health plans at issue.

8. Phoenix has separate Administrative Service Agreements (ASA's) with the employer health plans that it represents. Phoenix is not in direct privity of contract with the stop loss carrier (Breckpoint) and is not a party to the Stop Loss Contracts, but does assist in securing stop loss coverage pursuant to the ASA.

9. The rights and obligations of Phoenix are also substantially impacted by the stop loss contracts as Phoenix is involved in various aspects relating to getting medical claims paid. When the stop loss carrier misleads the TPA with respect to how claims will be re-imbursed, as in this case, this causes the TPA to proceed in a manner that is detrimental to the health plans, their members and to itself.

10. Misleading conduct by the stop loss carrier also results in business relationships between the TPA and it's health plans (as well as brokers) being terminated or damaged.

11. Some of the false and misleading representations and actions taken by the Defendant include: 1) The Defendant committed to reimburse medical claims for plans that were utilizing a PPO network at the network rate (as opposed to a percentage of Medicare) and then denied re-imbursement to the extent that the network reduction was less than a certain percentage of Medicare; 2) The defendant would only reimburse at 200% of Medicare for Referenced Based Pricing claims, as opposed to its standard 300% that was communicated to the Plaintiff; 3) The Defendant denied claims it contends were not timely submitted for re-imbursement after the Defendant agreed to give additional time to the Plaintiff to attempt to have the claims covered by worker's comp (when such effort was for the sole benefit of the Defendant in the first place); and, 4) The Defendant denied all claims for two members that enrolled under the stop loss

policy mid term after representing to the Plaintiff that only claims incurred prior to enrollment would be denied.

12. The Defendant was aware of all of the circumstances referenced in the preceding paragraph and assured the Plaintiff that it would pay claims that it subsequently denied in direct contradiction with its representations.

13. Commending in or around August of 2022, Defendant also sent demand letters to various health plans (that were represented by the Plaintiff) threatening litigation against them if they did not re-imburse the Defendant for alleged overpayments when, in fact, there were no overpayments for the reasons stated above.

## Count One

## DECLARATORY JUDGMENT

14. Plaintiff incorporates the allegations of paragraphs 1 through 13 of the Complaint as if fully rewritten herein.

15. Plaintiff is entitled to relief pursuant to ORC 2721, as Plaintiff is without recourse in the form of damages with respect to certain rights stemming from Defendant's improper assertions with respect to the employer groups represented by Phoenix. As Phoenix is directly impacted by the actions of the Defendant, it has standing to seek declaratory relief in this case.

16. Accordingly, Plaintiff is seeking a determination from this court that the Defendant cannot continue to deny claims based on the refusal to pay claims at network rates and the lower Medicare rate.

## Count Two

### TORTIOUS INTERFERENCE

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 of the Complaint, as if fully rewritten herein.

18. Defendant's actions have jeopardized, and will continue to jeopardize, Plaintiff's contractual and business relationships with its employer health plans, brokers, PPO networks and potentially third-party vendors that it utilizes to limit health care costs for its employer groups.

19. The Defendant's actions have been intentional, or at a minimum, taken in complete disregard of the rights of the employer groups that Plaintiff represents and for the Plaintiff's contractual and business relationships.

20. As a direct and proximate cause of the Defendant's actions, the Plaintiff has been damaged in an amount to be determined at the time of trial, but in excess of the jurisdictional limits of this court.

## Count Three

### OHIO DECEPTIVE TRADE PRACTICES ACT

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 of the Complaint, as if fully rewritten herein.

22. Ohio Revised Code Section 4165.02 governs Deceptive Trade Practices, including ways one can engage in such practice.

23. The statute provides, in pertinent part, that a person engages in deceptive trade practices when, in the course of the persons business, vocation, or occupation, the person does any of the following:

a. Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services; [R.C. 4165.02 (2)]

b. Advertises goods or services with intent not to sell them as advertised; [R.C. 4165.02 (11)]

c) Makes false statements of fact concerning the reasons for, existence of, or amounts of price reductions. [R.C. 4165.02 (12)].

24. The Defendant has violated the Ohio Deceptive Trade Practices Act, including but not limited to the above refenced provisions, by soliciting Plaintiff and its health plans with false information and affectively pulling a bate and switch.

25. The Defendant made false and misleading statements to the Plaintiff. The statements have deceived the targeting recipients, including the Plaintiff, the deception is material in that it influenced the purchasing decision and the Plaintiff has been and is likely to continue to be injured as a result.

26. The Plaintiff has been damaged by the Defendants violations of the Deceptive Trade Practice Act as numerous medical claims have not been paid due to insufficient funds and the plans are looking to the TPA to get the claims paid.

## Count Four

### INJUNTIVE RELIEF

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of the Complaint, as if fully rewritten herein.

28. Plaintiff is entitled to injunctive relief including a TRO, preliminary injunction and permanent injunction necessary to prohibit the Defendants from pursuing further collection proceedings against the health plans at issue. Injunctive relief is necessary as

at least a portion of the damages being caused by the Defendants cannot be remedied by an award of damages.

29. As a direct and proximate cause of the Defendants actions, the Plaintiff is entitled to injunctive relief as well as damages.

WHEREFORE, Plaintiff, Phoenix Administrators, LLC, asks this Court to award compensatory, incidental and punitive damages in an amount to be determined at the time of trial; that the Court declare that Breckpoint may not seek to collect funds from the third party health plans absent a satisfactory accounting to this court and, that Plaintiff be entitled to any other relief to which it may be entitled in law or equity.

Respectfully submitted,

RODERICK LINTON BELFANCE, LLP

_____
DAVID S. NICHOL (0072194)
Attorney for Plaintiff
50 South Main, Tenth Floor
Akron, OH 44308
(330) 434-3000 - Telephone
(330) 434-9220 - Facsimile

<u>Demand for a Jury</u>

Plaintiffs demands a Jury on all Claims

_____
DAVID S. NICHOL (0072194)

**INSTRUCTIONS FOR SERVICE**

Please serve the Summons and copy of the Complaint upon Defendant at the address listed in the caption of the complaint.

_____
David S. Nichol (0072194)